AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE JUDGE DAVID BRIONES SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name *(under which you were convicted)*: Samuel Velasco Gurrola | | Docket or Case No.: 3:15-CR-01646-DB |
| Place of Confinement: U.S.P CANAAN | Prisoner No.: 51956-380 | (MAT) |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* SAMUEL VELASCO-GURROLA | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   UNITED STATES DSITRICT COURT
   WESTERN DISTRICT OF TEXAS
   EL PASO DIVISION

   **FILED NOV 04 2019**
   **EP19CV0320**

   (b) Criminal docket or case number (if you know): 3:15-CR-01646-DV-(2)

2. (a) Date of the judgment of conviction (if you know): 8/11/2017

   (b) Date of sentencing: 10/31/2019

3. Length of sentence: LIFE

4. Nature of crime (all counts):

   Count 1,2,3,4, Conspiracy to Kill in a Foreign Country in violation of 18 U.S.C Section 956

   Count 5,6,7 Cojnspiracy to Cause Travel in Foreign Commerce in the Commission of Murder-For-Hire in violation of 18 U.S.C Section 1958

5. (a) What was your plea? (Check one)
   (1) Not guilty [✔]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [✔]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [✔]

8. Did you appeal from the judgment of conviction? Yes [✔] No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Fifth Circuit.
   (b) Docket or case number (if you know): 17-50325
   (c) Result: AFFIRMED SENTENCE AND CONVICTION
   (d) Date of result (if you know): 8/2/2018
   (e) Citation to the case (if you know): United States v. Samuel Velasco-Gurrola 17-50325
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [✔]
   If "Yes," answer the following:
   (1) Docket or case number (if you know):
   (2) Result:
   (3) Date of result (if you know):
   (4) Citation to the case (if you know):
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ] No [✔]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court: _____

   (2) Docket of case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised:

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:    Yes ☐    No ☑
   (2) Second petition:   Yes ☐    No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** WHETHER COUNSEL RENDERED INFFECTIVE ASSITANCE BY NOT MOVING TO DISMISS COUNT 4,5,6, AND 7 OF THE INDICTMENT BASED ON THE EXTRATERRITORIAL APPLICATION OF SECTION 1958(a)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Section 1958(a), by its plain terms, criminalizes not murder, but (1) interstate or foreign travel, (2) with teh intent to commit a murder in violation Federal or State law, (3) for pecuniary gain.

The government came short of proving its case under the plain language of the statute.

SEE. MEMORANDUM IN SUPPORT OF MOTION ATTACHED.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
  It is not proper to raise Inefecctive assitance claims in direct appeal

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☑

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
  N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** WHETHER COUNSEL RENDERED INEFFECTIVE ASSITANCE BY NOT OBJECTING TO THE IMPARCIALITY DURING THE INTRODUCTION OF AN UNRELATED AND DISMISSED STATE CASE INVOLVING SEXUAL ASSAULT OF EX-WIFE MINOR CHILD

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The introduction of a state case that was previously dismissed for lack of evidence involving sexual assault of a minor, not only contaminated the perception of the jury, by violated Fifith and Sixth Amendment Constitutional Rights. The right of a partial trial.

SEE. MEMORANDUM IN SUPPORT TO MOTION ATTACHED

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
Ineffective assitance of counsel are not to be raised during direct appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

AO 243 (Rev. 09/17)

**GROUND THREE:** WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR NOT CHALLENGING PROSECUTORIAL MISCONDUCT DURING THE PRESENTATION OF EVIDENCE AGAINST SAMUEL VELASCO-GURROLA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Substantial evidence contradicts government's theory in presenting its case, Government's witnesses perjured during trial and were allowed by the government without trial counsel's minimum objection. Counsel could have contradicted many of the evidence that was presented during trial, however, counsel failed to conduct proper investigation in defending his client.

SEE. MEMORANDUM IN SUPPORT OF MOTION ATTACHED

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☑
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐   No ☑
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** WHETHER COUNSEL WAS INEFFECTIVE BY FAILING TO CHALLENGE SKI MASKS FOUND AT VELASCO'S CAR PERTAINING TO HIS CHILDREN AND NOT TO THE CRIMINAL ACTIVITY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Here the government contaminated the perception of the jury by presenting two ski-masks and connecting the same to criminal activity. Attorney could have challenge the presentation of this evidence by requesting DNA samples of the same. Clearly ski-masks were smal, and contained Velasco's children DNA, and not like the government made it appear.

SEE. MEMORANDUM IN SUPPORT OF MOTION ATTACHED

(b) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☑

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

   N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:

   (b) At the arraignment and plea:

   (c) At the trial:

   (d) At sentencing:

   (e) On appeal:

   (f) In any post-conviction proceeding:

   (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☐

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:
   (c) Give the length of the other sentence:
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Velasco-Gurrola's direct appeal was denied on August 2, 2018. Velasco shall have until August 2, 2019 to file his timely habeas corpus Section 2255 motion. Additional 90-days shall be added to the August 2, 2019 becasue he did not file certiorari in the United Sates Supreme Court. See Clay v. United States, 537 U.S. 522 (2003).

Velasco-Gurrola's dead line to file his Section 2255 petition shall be October 31, 2019.

Velasco-Gurrola invokes "The Mailbox Rule"..

A rule of procedure which deems that any court document mailed by a self-represented inmate is deemed filed on the date of delivery to prison authorities for mailing. ... The mailbox rule applies to prisoners filing habeas petitions in both federal and state courts...

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
Velasco-Gurrola prays that this Hinorable Court vacate his sentence and conviction and grant relief as this court deems appropriate under the circumstances of this criminal case.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .
(month, date, year)

Executed (signed) on  *October 29, 2019*  (date)

_____*Samuel Velasco Gurrola*_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.